

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION**

KENESHA YO HARGRAVE, individually and on behalf of all others similarly situated,

        Plaintiffs,

        -against-

R.A. ROGERS, INC.,

        Defendants.

Civil Case Number:

**CIVIL ACTION** 1:16-cv-928
(LMB/IDD)

**CLASS ACTION COMPLAINT
AND
DEMAND FOR JURY TRIAL**

Plaintiff KENESHA YO HARGRAVE (hereinafter, "Plaintiff"), a Virginia resident, brings this class action complaint by and through her attorneys, Marcus Zelman, LLC and THOMAS R. BREEDEN, PC., against Defendant R.A. ROGERS, INC.,(hereinafter "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

1.    The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

2.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## NATURE OF THE ACTION

3.    Plaintiff brings this class action on behalf of a class of Virginia consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a

1

debt.

4.    Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in abusive, deceptive and unfair practices.

5.    Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

6.    Plaintiff is a natural person and a resident of the State of Virginia, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

7.    Defendant is a collection agency with its principal office located at 2135 Espey Court, #7, Crofton, Maryland 21114 and a mailing address of PO Box 3302, Crofton, Maryland 2114-0302.

8.    Upon information and belief, Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9.    Defendant is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

## ALLEGATIONS OF FACT

10.    Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above herein with the same force and effect as if the same were set forth at length herein.

11.    Sometime prior to December 29, 2015, an obligation was allegedly incurred to Commonwealth One FCU. ("Commonwealth")

12.    The Commonwealth obligation arose out of a transaction in which money, property,

insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

13.   The alleged Commonwealth obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

14.   Commonwealth is a "creditor" as defined by 15 U.S.C.§ 1692a(4).

15.   Defendant contends that the Commonwealth debt is past due.

16.   Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

17.   Commonwealth directly or through an intermediary contracted the Defendant to collect the alleged debt.

18.   On or about December 29, 2015, the Defendant caused to be delivered to the Plaintiff a collection letter in an attempt to collect the alleged Commonwealth debt. *See* **Exhibit A.**

19.   The December 29, 2015 letter ("Letter") was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

20.   The Letter is a "communication" as defined by 15 U.S.C. §1692a(2).

21.   Upon information and belief, the Letter was the first communication from the Defendant to the Plaintiff regarding the alleged debt.

22.   As this was the first communication to the Plaintiff, the Letter was required to have what is known as the 1692g disclosures, or validation notice.

23.   The initial section 1692g disclosures are required under the FDCPA, as they help consumers determine whether a debt collector is legitimate, whether the debt is the consumer's, and whether the debt is for the correct amount.

24.   The Defendant's Letter states in part:

"If you notify this office within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification."

25. The Letter fails to state that the Plaintiff must dispute the validity of the debt or any portion thereof in writing in order for her to properly and effectively dispute the alleged debt.

26. By doing so, Defendant failed to apprise the Plaintiff of her rights under the FDCPA.

27. By failing to effectively convey to the Plaintiff her rights under the FDCPA, Defendant has harmed the Plaintiff.

28. Defendant's actions as described herein are part of a pattern and practice used to collect consumer debts

29. Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with the law.

30. On information and belief, Defendant sent a written communication, in the form annexed hereto as **Exhibit A** to at least 50 natural persons in the State of Virginia within one year of the date of this Complaint.

31. Plaintiff and the class members have suffered concrete and particularized injuries in fact as a result of being subjected to threats and collection attempts from Defendant, which contained material misrepresentations that deceptively and misleadingly advised Plaintiff and the class members that they could safeguard their rights under the Fair Debt Collection Practices Act by making any request - not necessarily in writing - for verification of the debt, when such oral request would not in fact trigger any obligation

by Defendant to obtain said verification. Plaintiff and the class members are thus lured into waiving their statutory verification rights which they would otherwise have under the Fair Debt Collection Practices Act.

32.     Upon information and belief, many of the class members have suffered concrete and particularized injuries in fact by waiving their statutory verification rights under the Fair Debt Collection Practices Act as a result of their abiding by Defendant's instruction to request said verification in any fashion, and thereby requested the verification of debt orally instead of in writing.

## CLASS ALLEGATIONS

33.     Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

    a.      All Virginia consumers who received collection letters from the Defendant attempting to collect an alleged consumer obligation, that contain the language "If you notify this office within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will . . . " in violation of §1692(g).

    b.      The Class period begins one year prior to the filing of this Action.

34.     The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action.

35.     Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received

debt collection letters and/or notices from the Defendant that violate specific provisions

of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is

believed to have been sent to hundreds of persons (*See* **Exhibit A,** except that the

undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the

financial account numbers in an effort to protect Plaintiff's privacy);

36.     There are questions of law and fact which are common to the Class and which

predominate over questions affecting any individual Class member.  These common

questions of law and fact include, without limitation:

a.      Whether Defendant violated various provisions of the FDCPA;

b.      Whether Plaintiff and the Class have been injured by Defendant's conduct;

c.      Whether Plaintiff and the Class have sustained damages and are entitled to

restitution as a result of Defendant's wrongdoing and if so, what is the proper

measure and appropriate statutory formula to be applied in determining such

damages and restitution; and

d.      Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

37.     Plaintiff's claims are typical of the Class, which all arise from the same operative facts

and are based on the same legal theories.

38.     Plaintiff has no interest adverse or antagonistic to the interest of the other members of the

Class.

39.     Plaintiff will fairly and adequately protect the interest of the Class and has retained

experienced and competent attorneys to represent the Class.

40.     A class action is superior to other methods for the fair and efficient adjudication of the

controversy.  Because the damages suffered by individual class members are relatively

small compared to the expense and burden of litigation, it would be impractical and economically unfeasible for class members to seek redress individually. The prosecution of separate actions by the individual class members, even if possible or likely, would create a risk of inconsistent or varying adjudications with respect to the claims asserted by individual class members and could create incompatible standards of conduct for the defendants. Moreover, because most class members are unaware of the right to make nine payments within ten months to qualify for rehabilitation, they are unlikely to bring an independent action, and a class action is the only way that these violations can be rectified.

41.     A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed to proceed without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

42.     Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**
**15 U.S.C. §1692g *et seq.***

43.     Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs above

herein with the same force and effect as if the same were set forth at length herein.

44.   Defendant's debt collection efforts attempted and/or directed towards the Plaintiff

violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §

1692(g).

45.   Pursuant to 15 USC §1692g, a debt collector:

> Within five days after the initial communication with a consumer in connection
> with the collection of any debt, a debt collector shall, unless the following
> information is contained in the initial communication or the consumer has paid
> the debt, send the consumer a written notice containing –
> (1) The amount of the debt;
> (2) The name of the creditor to whom the debt is owed;
> (3) A statement that unless the consumer, within thirty days after receipt of
> the notice, disputes the validity of the debt, or any portion thereof, the debt
> will be assumed to be valid by the debt-collector;
> (4) A statement that the consumer notifies the debt collector in writing within
> thirty-day period that the debt, or any portion thereof, is disputed, the debt
> collector will obtain verification of the debt or a copy of a judgment
> against the consumer and a copy of such verification or judgment will be
> mailed to the consumer by the debt collector; and
> (5) A statement that, upon the consumer's written request within the thirty-
> day period, the debt collector will provide the consumer with the name
> and address of the original creditor, if different from the current creditor.

46.   The Defendant violated 1692g (4) by omitting parts of said language in the December 29,

2015 letter thereby failing to inform the Plaintiff that she must dispute in writing to

effectively dispute the debt.

47.   By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct

violated Section 1692g *et seq.* of the FDCPA, actual damages, statutory damages, costs

and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

(a)   Declaring that this action is properly maintainable as a Class Action and

8

certifying Plaintiff as Class representative and Ari Marcus, Esq. and

Thomas R. Breeden, Esq., as Class Counsel;

(b)     Awarding Plaintiff and the Class statutory damages;

(c)     Awarding Plaintiff and the Class actual damages;

(d)     Awarding Plaintiff costs of this Action, including reasonable attorneys'
fees and expenses;

(e)     Awarding pre-judgment interest and post-judgment interest; and

(f)     Awarding Plaintiff and the Class such other and further relief as this Court
may deem just and proper.


Dated:  July 8, 2016

Thomas R. Breeden, Virginia Bar No 33410
Thomas R. Breeden, P.C.
10326 Lomond Drive
Manassas, Virginia 20109
Tel (703) 361-9277, Fax (703) 257-2259
trb@tbreedenlaw.com


Ari Marcus, Esq.
MARCUS ZELMAN, LLC
1500 Allaire Avenue, Suite 101
Ocean, New Jersey 07712
(732) 695-3282 telephone
(732) 298-6256 facsimile
*Pro Hac Vice* to be filed
ari@marcuszelman.com
*Attorneys for Plaintiff*

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby

requests a trial by jury on all issues so triable.

9

Dated:  July 8, 2016

_____
Thomas R. Breeden, Esq.


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Thomas R. Breeden, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated:  July 8, 2016

_____
Thomas R. Breeden, Esq.

10